IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00127-FDW

| | |
|---|---|
| NAPOLEON J. RANKIN BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MAIL ROOM STAFF, ) | |
| Avery-Mitchell Correctional ) | |
| Institution, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of the pro se complaint which Plaintiff filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who is presently housed in the Avery-Mitchell Correctional Institution within this District. In his complaint, he contends that unnamed individuals are opening his legal mail, in particular, mail that involves the "Attorney-Client privilege."

II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." During this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

1

defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988). Plaintiff's complaint will be dismissed for the simple reason that he has not identified any individual defendant that may have allegedly violated his federally protected rights. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 2, 2015

Frank D. Whitney
Chief United States District Judge